IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:94cr62-T |
| | ) | WO |
| DONALD MINEFIELD | ) | |

**ORDER ON MOTION AND MEMORANDUM OPINION**

Now pending before the court is a pleading styled as a "*Motion Under the Federal Rules of Criminal Procedure Requesting All Grand Jury Minutes*" (Doc. 1837) filed by federal inmate Donald Minefield ("Minefield") on April 8, 2005.  In this motion, Minefield asks this court to require the United States to produce all grand jury statements by government witnesses, J.M Whitaker, Donnie Ray Davis and Michael May.  In support of his motion, Minefield asserts that he needs these statements to pursue a Rule 60(b) motion.  After careful review, the court concludes that the motion is due to be denied.

**I. Background**

Minefield was one of fifteen defendants indicted in a multi-count indictment alleging multiple violations of federal law involving controlled substances.  On January 9, 1995, Minefield proceeded to trial.  On January 14, 1995, the jury returned a guilty verdict against the defendant on all counts in the indictment including conspiracy and engaging in a continuing criminal enterprise ("CCE").  Because conspiracy is a lesser included offense of the CCE offense, the government elected conviction on the CCE count. (Doc. # 913)

On May 22, 1995, Minefield was sentenced to life imprisonment on count 2 and 240

months on the remaining three counts to run concurrently.  (Judgment in a Criminal Case, at 2) (copy attached). On August 7, 1998, the Eleventh Circuit Court of Appeals affirmed Minefield's conviction.  *See United States v. Morrow*, 156 F.3d 185 (11th Cir. 1998) (unpublished table decision).  Minefield did not file a petition for writ of certiorari with the United States Supreme Court.

On June 21, 1999, Minefield filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255.  (Doc. # 1275).   On June 13, 2003, the Magistrate Judge entered a Report and Recommendation analyzing each of Minefield's claims and recommending that his § 2255 motion be denied.  (Doc. # 1634).  On July 30, 2003, the district court judge entered a judgment adopting the Recommendation of the Magistrate Judge and denying the § 2255 motion.  (Docs. # 1686-87).  Minefield appealed this decision to the Eleventh Circuit Court of Appeals which, on January 21, 2004, denied his certificate of appealability.  (Doc. # 1764).

Minefield now comes forward with this motion, asserting that he is entitled to the documents he seeks so that he may pursue relief pursuant to Rule 60(b).

## II.  Discussion

It is fundamental that Rule 60(b) of the Federal Rules of Civil Procedure cannot be utilized to attack criminal convictions or sentences. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (motion filed pursuant to Rule 60(b), *Federal Rules of Civil Procedure*, "simply does not provide relief in a criminal case").  Consequently, Minefield cannot utilize Rule 60(b) as a vehicle to attack his conviction.

2

Furthermore, Rule 60(b) applies only to civil cases,[1] and in only extremely limited circumstances may Rule 60(b) be used to set aside a prior judgment denying habeas corpus or other post-conviction relief.  In *Gonzalez v. Secretary for Dept. of Corrections*, 366 F.3d 1253 (11th Cir. 2004) (*en banc*), the Eleventh Circuit delineated those limited circumstances, holding:

> [A] Rule 60(b) motion seeking to reopen the judgment in a § 2254 or § 2255 case should be denied by the district court, unless it is filed to correct a clerical mistake (meaning it is really a Rule 60(a) motion) or is filed pursuant to Rule 60(b)(3) to remedy a fraud agents of the government perpetrated on the federal court.

366 F.3d at 1285-86.  The court in *Gonzalez* proceeded to rule that, subject to these exceptions, Rule 60(b) motions in habeas cases are properly regarded as applications to file second or successive petitions[2] because "'[o]therwise, petitioners could evade the bar against relitigation of claims presented in a prior application, or the bar against litigation of claims not presented in a prior application[,]'" simply by labeling a successive petition or motion as a Rule 60(b) motion.  *See* 366 F.3d at 1277, quoting *Calderon v. Thompson*, 523 U.S. 538,

---

[1]  Rule 60(b) provides that the court may relieve a party from a final judgment, order or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

[2]  The court in *Gonzalez* explained that its discussion applied equally to 28 U.S.C. § 2254 and § 2255 proceedings and that its use of the terms "habeas petition" and "habeas petitioner" in its discussion was meant to include § 2255 motions and § 2255 movants as well.  366 F.3d at 1262-63.  This Order follows *Gonzalez*'s use of these terms.

3

553 (1998). Thus, "because a petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated an application to file a second or successive petition, it ordinarily should be dismissed by the district court pursuant to [28 U.S.C.] § 2244(b)(4)." *Gonzalez*, 366 F.3d at 1277; *see also Boone v. Secretary, Dept. Of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004) (a district court does not have the jurisdiction to consider a Rule 60(b) motion challenging the denial of habeas relief unless the motion is a 60(b)(3) motion, *i.e.*, one made to prevent a fraud upon the court). The court in *Gonzalez* held that the requirement that a Rule 60(b) motion ordinarily be treated as an application to file a second or successive petition applies fully whether such a motion is viewed as an action aimed at a judgment denying habeas relief or as a collateral attack on an underlying judgment of conviction. 366 F.3d at 1277 n.11. The overriding rationale of the decision in *Gonzalez* is to preclude clever habeas petitioners from circumventing statutory restrictions on second or successive petitions by filing Rule 60(b) motions. 366 F.3d at 1277.

A review of Minefield's motion does not demonstrate that he would be seeking relief from a clerical error, nor has he alleged facts that would demonstrate a showing of fraud on the court in his post-conviction proceedings.[3] Therefore, neither of the limited circumstances under which Minefield might utilize provisions of Rule 60 of the Federal Rules of Civil Procedure to attack the judgment denying his § 2255 motion (or to collaterally attack the

---

[3] Minefield's motion is premised on his desire to demonstrate that a law enforcement officer's testimony at trial was "deliberate, inconsistent and untruthful." The mere fact that testimony is inconsistent with prior testimony is not sufficient to show that the government's use of false testimony was knowing. Only the knowing use of false testimony is a constitutional violation. *See United States v. Bailey*, 123 F.3d 1381, 1397 (11th Cir. 1997).

underlying convictions and sentences) applies in this case, *see Gonzalez*, 366 F.3d at 1285-86.

Consequently, any motion that Minefield would pursue would be subject to treatment as an application to file a second or successive § 2255 motion.[4]  *Id.* at 1277.  *See also Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("[T]he AEDPA's successive-petition rules apply to Rule 60(b) motions seeking relief from a judgment denying § 2255 relief."); *Mobley v. Head*, 306 F.3d 1096, 1096-97 (11th Cir. 2002 ) (the successive-petition restrictions contained in amended 28 U.S.C. § 2244(b) apply to Rule 60(b) motions)*; In re Medina*, 109 F.3d 1556, 1561 (11th Cir. 1997) (same); *Felker v. Turpin*, 101 F.3d 657, 661 (11th Cir. 1996) (Rule 60(b) cannot be used to circumvent restraints on successive habeas petitions).

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, the movant must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion.  *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven

---

[4] Minefield's initial § 2255 motion, of course, is the one he filed on June 21, 1999, and which  was denied by the district court in its July 30, 2003, judgment.  It makes no meaningful difference whether Minefield's proposed motion is viewed as an action aimed at the judgment denying his § 2255 motion or as a collateral attack on his convictions and sentences.  *See Gonzalez*, 366 F.3d at 1277 n.11.  Obviously, were this court to go behind Minefield's own characterization of his pleading and construe his present motion as one for relief under 28 U.S.C. § 2255, such construction would subject his motion to treatment as a second or successive § 2255 motion as well.  It does appear to this court that Minefield proposes to present his motion under Rule 60(b) in an attempt to circumvent the successive-petition restrictions contained in 28 U.S.C. § 2244(b)(3)(A).

and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255 ¶8.

The pleadings and documents in this case reflect that Minefield has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.  A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion.  *See, e.g., Farris, supra*, 333 F.3d at 1216; *Boone*, 377 F.3d at 1317.  Accordingly, the court will not authorize any discovery without Minefield first obtaining permission from the appellate court to pursue a successive § 2255.

### III.  Conclusion

Accordingly, it is

ORDERED that Minefield's motion for grand jury minutes (doc. # 1837) be and is hereby DENIED.

Done this 18th day of April, 2005.

_____/s/Charles S. Coody_____
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE