IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v | ) | CR. NO. 2:94-CR-62-T |
| | ) | |
| DONALD MINNIFIELD | ) | |

RECOMMENDATION OF THE MAGISTRATE JUDGE

On January 10, 2005, the defendant filed a pro se motion for return of property. The government has responded to the motion, and the court heard argument on the motion on June 24, 2005. Based on the pleadings, the evidentiary materials and the argument, the court concludes that Minnifield's motion is due to be denied.

Minnifield contends that $10,000.00 in cash, $130,000.00 in cash and the real property at 2642 Norwich Drive, Montgomery, Alabama should be returned to him in accordance with the prior orders of this court. He further claims that none of the property was ever proven to be the proceeds of illegal drug transactions. Minnifield misconstrues the prior orders and proceedings of this court.

On January 23, 1995, the court ordered that the $10,000.00 which was seized at Minnifield's house on Norwich Drive be forfeited to the United States. In that same order (attached to doc. # 1847) the court also ordered that the United States release to Minnifield the Norwich Drive property and if necessary file a release of *Lis Pendens*. The United States filed that release. *See* Attachment 2 to doc. # 1847. Accordingly, Minnifield's claims regarding the return of the $10,000.00 is due to be denied. His claim

regarding the Norwich Drive property is due to be denied as moot.

Minnifield's claim about the $130,000.00 is belied by the records of this court.  On December 29, 1994, the United States filed a complaint for forfeiture as to $130,052.00 in US currency.  Minnifield, represented by counsel, subsequently filed a claim for that property and an answer.  *See United States of American v. One Hundred Thirty Thousand Fifty-Two Dollars ($130,052) in United States Currency*, 2:94-cv-01654-D (M.D. Ala.).  On November 11, 1995, the court granted summary judgment in favor of the United States and ordered that the currency be forfeited to the United States.  After Minnifield filed a motion to alter or amend, the court entered a corrected judgment and final order of forfeiture on December 7, 1995.  The judgment of forfeiture was affirmed on appeal on January 23, 1997.  Minnifield's motion with respect to this currency is due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Minnifield's motion for return of $10,000.00 and $130,052.00 in United States currency be denied and that his motion for return of the real property at Norwich Drive be denied as moot.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before July 8, 2005.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of June, 2005.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE