IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. |
| | ) | 2:94cr62-MHT |
| DONALD MINEFIELD | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

The defendant, Donald Minefield ("Minefield"),[1] seeks to modify his federal sentence through a motion for a sentence reduction under 18 U.S.C. § 3582(c)(2). For the reasons which follow, Minefield's motion should be denied.

**I. INTRODUCTION**

On January 14, 1995, following a jury trial, Minefield was convicted of engaging in a continuing criminal enterprise ("CCE") and three counts of cocaine distribution. At his May 22, 1995, sentencing hearing, the district court sentenced him to life imprisonment on the CCE count and to 240 months for each of the distribution counts, all sentences to run concurrently.[2] On August 27, 2007 (Doc. No. 1909),[3] Minefield filed the present "Motion

---

[1]Throughout the pleadings and the criminal history of this defendant, his name has been spelled variously as Minnifield, Minifield, and Minefield. The defendant signs his name "Minefield," and the minutes from his trial reflect that Minefield is the correct spelling of his name.

[2]Minefield filed a direct appeal, and on October 29, 1998, the Eleventh Circuit affirmed his conviction and sentence. *See United States v. Morrow*, 156 F.3d 185 (11th Cir. 1998) (unpublished table decision). On June 21, 1999 (Doc. No. 1275), Minefield filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This court denied his § 2255 motion on July 30, 2003. (*See* Doc. Nos. 1634 & 1686-87.)

[3]Although Minefield's motion was date-stamped "received" in this court on August 31, 2007,
(continued...)

for Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(2)," arguing that the district court should resentence him by applying Sentencing Guidelines Amendment 505, which relates to the Drug Quantity Table set forth in U.S.S.G. § 2D1.1(c).  For the reasons that follow, this court concludes that Minefield is not entitled to any relief.

## II.  DISCUSSION

Under 18 U.S.C. § 3582(c)(2), a court may reduce a person's sentence if the guideline under which the person was sentenced has subsequently been lowered by the Sentencing Commission and such a reduction is consistent with policy statements of the Sentencing Commission.[4]  Amendment 505 amended the Drug Quantity Table in U.S.S.G. § 2D1.1(c) by, *inter alia*, eliminating the base offense levels of 40 and 42 and lowering the maximum base offense level that may be based on drug quantity to 38.  *See* U.S.S.G. app. C, amend. 505 (2006).  The Sentencing Commission's policy statement on retroactive reduction of sentences, U.S.S.G. § 1B1.10, indicates that Amendment 505 is retroactively applicable.

---

[3](...continued)
under the "mailbox rule," the court deems his motion filed on the date he delivered it to prison authorities for mailing, presumptively, August 27, 2007, the day that he signed it.  *See Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

[4]Section 3582(c)(2) states:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

U.S.S.G. § 1B1.10(c).

In his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), Minefield appears to contend that the district court, when calculating his sentence, assigned him a base offense level of 42 based on the drug quantities involved in his offense and then applied two additional points to his offense level for his coconspirators' firearms possession, resulting in a total offense level of 44. According to Minefield, because he was sentenced using a base offense level of 42, the district court should reconsider his sentence under the guidelines as amended by Amendment 505.[5]

As noted above, 18 U.S.C. § 3582(c)(2) allows the court to modify a person's sentence if the guideline under which the person was sentenced is lowered by the Sentencing Commission after he is sentenced. Amendment 505, upon which Minefield bases his claim for relief, took effect on November 1, 1994. *See* U.S.S.G. app. C, amend. 505 (2006). Minefield was sentenced on May 22, 1995 – several months after the effective date of Amendment 505. Consequently, Minefield cannot argue that he was "sentenced to a term of imprisonment ... that has subsequently been lowered by the Sentencing Commission." 18 U.S.C § 3582(c)(2). A sentence modification under § 3582(c)(2) must be premised on a change to the guidelines made after the defendant's sentencing. *See United States v.*

---

[5]Minefield's total offense level of 44, combined with his criminal history category of V, resulted in his receiving a mandatory life sentence for the CCE conviction. According to Minefield, were Amendment 505 to be applied, his sentencing range under the guidelines would be from 360 months to life, which, he says, authorizes this court to now determine what sentence it would have imposed within that range at the time of his original sentencing.

3

*Herrera-Garcia*, 422 F.3d 1202, 1203 (10th Cir. 2005); *United States v. Chavez-Salais*, 337 F.3d 1170, 1173 (10th Cir. 2003). Therefore, the relief requested by Minefield is not afforded pursuant to § 3582(c)(2).[6]

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the motion for a sentence reduction under 18 U.S.C. § 3582(c)(2) (Doc. No. 1909) filed by Minefield be DENIED as he is not entitled to any relief.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before November 28, 2007.** A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed

---

[6]This court notes that Minefield raised a similar claim regarding the applicability of Amendment 505 in his § 2255 motion filed in 1999. In rejecting that claim, this court noted, *inter alia*, that Minefield's recitation of the facts regarding his base offense level was inaccurate and that his base offense level based on drug quantity was 38, but then, because he was convicted of engaging in a continuing criminal enterprise, 4 points were added to his base offense level under U.S.S.G. § 2D1.5(a)(1). (*See* Doc. No. 1634 at 19-20.) Section 2D1.5 provides the guideline for a continuing criminal enterprise offense (21 U.S.C. § 848(a)) and states that the base offense level shall be the greater of "**4** plus the offense level from § 2D1.1 applicable to the underlying offense; or **38**." *See* U.S.S.G. § 2D1.5(a)(1)-(2). Minefield was assigned an offense level of 38 under § 2D1.1(c)(1) for an offense involving 150 kilograms or more of cocaine. Four points were then added under § 2D1.5(a)(1). (Two additional points were also added based on his coconspirators' firearms possession.) Just as he did in his § 2255 motion, Minefield has again misconstrued the facts regarding his base offense level. As the government notes in its response to Minefield's instant motion (*see* Doc. No. 1921 at 12-13), the record from Minefield's sentencing reflects that Amendment 505 was taken into consideration by the court at sentencing since the base offense level *based on drug quantity* did not exceed 38. *See also* Presentence Investigation Report at 11 ¶ 41.

findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 15th day of November, 2007.

                              /s/Charles S. Coody
                              CHARLES S. COODY
                              CHIEF UNITED STATES MAGISTRATE JUDGE