IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Case No. 2:94cr62-MHT |
| | ) | (WO) |
| DONALD MINEFIELD | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Donald Minefield[1] has filed a *pro se* pleading (Doc. No. 2027) styled as a "Request to File Under Rule 60(b)(5) Motion for Relief," by which he challenges his 1995 conviction and sentence for engaging in a continuing criminal enterprise ("CCE"). For the reasons indicated below, Minefield is not entitled to any relief.

**I. DISCUSSION**

In his motion, Minefield argues that the jury in his case was not instructed that it must unanimously agree about which specific violations made up the "continuing series of violations" in the CCE charge, in violation of *Richardson v. United States*, 526 U.S. 813 (1999). (Doc. No. 2027 at p. 2.) He asserts that his codefendant, Jerry Lindsey Artis, obtained relief on a similar claim made in Artis's first § 2255 motion and that he is therefore entitled to the same relief that was granted to Artis.[2] (*Id*. at pp. 1-2.)

---

[1]Throughout the pleadings and the criminal history of this defendant, his name has been spelled variously as Minnifield, Minifield, and Minefield. The defendant signs his name "Minefield," and the minutes from the trial reflect that Minefield is the correct spelling of his name.

[2]In *United States v. Artis*, 358 F.Supp.2d 1094 (M.D.Ala. 2005), this court, based on Artis's January 19, 2000, § 2255 motion to vacate, vacated Artis's CCE conviction on the basis that the court's jury instruction did not comport with the requirements of *Richardson v. United States*, 526
(continued...)

Minefield seeks relief through the vehicle of Fed.R.Civ.P. 60(b)(5).[3] "Federal Rule of Civil Procedure 60 provides a basis, but only a limited basis, for a party to seek relief from a final judgment in a habeas case." *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2007). Rule 60, like all Federal Rules of Civil Procedure, apply only to civil actions and proceedings in the United States District Court. *See* Fed.R.Civ.P. 1. Thus, it is well settled that Fed.R.Civ.P. 60 does not provide a vehicle for relief from a judgment in a criminal case. *See United States v. Fair*, 326 F.3d 1317 (11th Cir. 2003); *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998).

When a *pro se* inmate brings a motion under Rule 60, the district court may appropriately construe it as a 28 U.S.C. § 2255 motion, and, if applicable, treat it as an unauthorized second or successive motion. *See Williams*, 510 F.3d at 1293-95. If construed as a second or successive motion, the district court lacks subject matter jurisdiction as to the merits of any claims presented in the motion. *Id*. at 1295. In *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005), the Supreme Court provided guidance as to how prisoner claims under

---

[2](...continued)
U.S. 813 (1999). Id. at 1096. The court ordered that Artis's conspiracy conviction be reinstated and that he be resentenced accordingly.

[3]Federal Rule of Civil Procedure 60(b) permits a litigant to move for relief from an otherwise final judgment in a civil case. Rule 60(b) provides, in sum, the following six bases for relief: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged , is based on an earlier judgment that has been reversed or vacated, or applying it prospectively is no longer equitable; or (6) any other reason justifying relief from the operation of the judgment.

Rule 60 should be construed.[4]  If the motion seeks to add a new ground for relief from the underlying judgment of conviction or sentence, or otherwise attacks the district court's resolution of any original § 2255 claims on the merits, then the court should construe the Rule 60 motion as a second or successive § 2255 motion and dismiss it accordingly. *Id*.; *see also Williams*, 510 F.3d at 1293-94.  By contrast, "when a Rule 60(b) motion attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," courts should not treat the Rule 60 motion as a successive § 2255 motion. *Gonzalez*, 545 U.S. at 532-33; *see also Williams*, 510 F.3d at 1294.  Such motions can be ruled on by the district court without the precertification from the court of appeals that is ordinarily required for a second or successive § 2255 motion.[5] *Id*. at 538.

It is readily apparent that Minefiled's instant motion asserts a claim that challenges

---

[4]*Gonzalez* addressed this issue in the context of a 28 U.S.C. § 2254 petition for habeas corpus relief.  However, the Eleventh Circuit recognizes that "the principles developed in habeas cases also apply to § 2255 motions." *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987).  Moreover, the Eleventh Circuit has stated that the holding and rationale of *Gonzalez* apply equally to § 2255 and § 2254 habeas proceedings. *See El-Amin v. United States*, No. 05-1276, 172 Fed.Appx. 942 (11th Cir. Mar. 28, 2006); *United States v. Terrell*, No. 02-14997, 141 Fed.Appx. 849 (11th Cir. Jul. 19, 2005).

[5]The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that, to file a second or successive § 2255 motion in the district court, a petitioner must first move in the appropriate court of appeals for an order authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A).  The appellate court, in turn, must certify that the second or successive § 2255 motion contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2255(h).

his conviction and sentence rather than any alleged defect in the integrity of a judgment of this court denying a prior application for habeas relief filed by Minefield. Because Minefield asserts a claim challenging the legality of his conviction and sentence, he seeks relief from this court that is appropriate only under 28 U.S.C. § 2255. *See Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999). Thus, regardless of Minefield's own labeling of the instant motion, the court finds that his motion is of the same legal effect as, and should be construed as, a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. *See Gonzalez*, 545 U.S. at 531-32.

This is at least the fourth § 2255 motion filed by Minefield attacking his 1995 conviction and sentence. Minefield's first § 2255 motion was filed on June 21, 1999. *See United States v. Minefield*, Case No. 2:94cr62-MHT, Doc. No. 1275. On June 13, 2003, this court denied that motion, as amended, deciding all claims adversely to Minefield. *Id.*, Doc. Nos. 1634 & 1687. On October 28, 2005, Minefield filed a pleading styled as a "Pro Se ex Parte Extraordinary Special Motion under Rule 60(b) with the Implimentation(s) [sic] of 18 U.S.C.A. § 3582(c)(2) with Mitigating Factors and Essential Elements That Warrant an Evidentiary Hearing Pursuant to 18 U.S.C.A. § 3353(a) for a Complete Vacation of the Term Imposed as a Direct Result of Newly Discovered Evidence, Ineffective Assistance of Counsel, and the Unconstitutional U.S. Sentencing Guidelines, Inter Alia(s)," also challenging his 1995 conviction and sentence. *See United States v. Minefield*, Case No. 2:05cv1066-MHT, Doc. No. 1. Because that motion attacked the fundamental validity of

4

Minefield's conviction and sentence, this court characterized the motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Because Minefield had not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion, this court summarily dismissed his § 2255 motion. *Id.,* Doc. Nos. 2 & 11. On March 27, 2007, Minefield filed a pleading styled as a "Memorandum of Points and Authorities to Dismiss the Indictment in the Instant Matter Based upon Lack of Jurisdiction, with Simultaneous Request for Relief Pursuant to Rule 60(b)(4), Federal Rules of Civil Procedure Regarding Void Judgments as Applied to the Denial of Petitioner's 2255." *See United States v. Minnifield*, Case No. 2:07cv278-MHT, Doc. No. 1. That pleading, too, was found to be a successive § 2255 motion filed without proper certification from the Eleventh Circuit. *Id.*, Doc. Nos. 2-5.

The pleadings and documents in the instant case reflect that Minefield has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion. A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion. *See, e.g., Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003); *Boone v. Secretary, Dept. of Corrections*, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider the merits of Minefield's present motion, and the motion is due to be summarily dismissed.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Minefield's motion (Doc. No. 2027) be dismissed, because Minefield has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **August 31, 2011**.  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc).

Done this 17th day of August, 2011.

                            /s/Charles S. Coody
                          CHARLES S. COODY
                          UNITED STATES MAGISTRATE JUDGE